IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
D.O.H., a minor, by        )
Osama Haddad and Hind      )
Haddad,                    )
                           )
        Plaintiffs,        )
                           )
    vs.                    )    Case No. 2:11-CV-430
                           )
LAKE CENTRAL SCHOOL        )
CORPORATION, et al.,       )
                           )
        Defendants,        )
```

## OPINION AND ORDER

This matter is before the Court on the Motion for Entry of Default Against Defendants, filed by Plaintiffs, D.O.H., a minor, by Osama Haddad and Hind Haddad, individually, and as his parents and natural guardians, on December 28, 2011 (DE #8). For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

On November 14, 2011, Plaintiffs filed their complaint against Defendants in the Lake County Superior Court sitting in Crown Point, Indiana, under Cause No. 45D10-111-CT-0207 (hereinafter the "state claim"). Counsel for all defendants appeared in the state claim on November 15, 2011. (DE #8, Ex. A.) Plaintiffs then filed an amended complaint on November 16, 2011. Defendants filed a notice of removal on November 22, 2011. (DE #2.) In the notice,

Defendants acknowledged receipt of the first amended complaint and moved for removal based on those allegations. (DE #2, pp. 2-3.)

Plaintiffs initially moved for entry of default against Defendants on December 27, 2011 (DE #7), but then refiled it, and the instant motion for clerk's entry of default was filed on December 28, 2011 (DE #8). Later that same day, on December 28, 2011, Defendants filed an answer to the amended complaint (DE #9) as well as a response in opposition to the instant motion (DE #10). Defendants argue that under Local Rule 7(D) of the Lake County Court Rules, the entry of an appearance automatically gave them a 30 day extension to file an answer, thus their responsive pleading was not due until January 9, 2012. In their reply, Plaintiffs claim Defendants have misread the Lake County Local Rules, and, furthermore, once removed, the federal rules applied to this case. Thus, Plaintiffs still contend that the Clerk should enter default in this case.

DISCUSSION

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, presumably, the Clerk did not enter default because Defendants filed an answer to the amended complaint on

2

December 28, 2011, the same date the instant motion was filed. This circuit favors a policy of promoting a trial based on the merits, rather than default judgments. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009); *see also C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) (a "default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations.").

Under both Rule 55 and Rule 60, to set aside the entry of default or a default judgment, the moving party must demonstrate good cause for the default, quick action to correct it, and a meritorious defense. *See Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 676 (7th Cir. 1987); *Bluegrass Marine Inc. v. Galena Road Gravel, Inc.*, 211 F.R.D. 356, 357 (S.D. Ill. 2002). The test for setting aside a default should be applied less stringently where no default judgment has been entered. *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). This "lenient" standard favors trials on the merits. *Cracco*, 559 F.3d at 631. In this case, an entry of default was never even made by the Clerk.

Regardless of whether Defendants improperly read the Lake County local rules governing when an answer was due, or even if those rules are applicable in federal court, at most, Defendants filed their answer 21 days late, and at best, they were not late at all. Defendants immediately filed their answer after this motion

3

was filed. This Court, like the Seventh Circuit, follows the strong policy of favoring a trial on the merits. Therefore, the motion for clerk's entry of default is **DENIED**.

CONCLUSION

For the aforementioned reasons, the Motion for Entry of Default Against Defendants is **DENIED**.

DATED: March 6, 2012                    /s/ RUDY LOZANO, Judge
                                                **United States District Court**