UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| D. O. H., a minor, by OSAMA HADDAD and HIND HADDAD, individually, as his parents and natural guardians, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Cause No.: 2:11-CV-430 ) |
| LAKE CENTRAL SCHOOL CORPORATION, GEORGE BARANOWSKI, individually and in his official capacity as President of the Board of School Trustees of the Lake Central School Corporation, DR. LAWRENCE VERACCO, individually and in his official capacity as Superintendent of the Lake Central School Corporation, ROBERT MCDERMOTT, individually and in his official Capacity as Principal of Lake Central High School, and SEAN BEGLEY, individually and in his official capacity as Assistant Principal of Lake Central High School, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the court on the Motion to Compel [DE 28] filed by the defendants on September 13, 2013, and the Motion for Extension of Time to Complete Discovery [DE 33] filed by the parties on November 5, 2013. For the following reasons, the Motion to Compel [DE 28] is **GRANTED IN PART and DENIED IN PART,** and the Motion for Extension of Time to Complete Discovery [DE 33] is **GRANTED.**

### Background

This matter arises from the plaintiff, D.O.H.'s, claim that he was subject to bullying and harassment by fellow students at Lake Central High School, which caused him physical and emotional damages. The plaintiffs' complaint was filed on November 14, 2011, and amended on

1

November 16, 2011. The defendants served the plaintiffs with Interrogatories, Requests for Production, and Requests for Admissions on July 31, 2012. The plaintiffs answered the discovery requests on November 13, 2012, but omitted records pertaining to the requests to which they objected. Attorneys for both the plaintiffs and defendants exchanged letters and had telephone conversations which resulted in the narrowing of the scope of the requests with regard to D.O.H.'s social media activity. The plaintiffs subsequently produced additional material in response to the amended request but continued to object to some requests. A dispute remains between the parties as to undisclosed portions of D.O.H.'s Facebook profile, music, videos, withheld recordings in the plaintiff's possession, and a privilege log.

## Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things." **Federal Rules of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.*,** 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. ***Borom v. Town of Merrillville*,** 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (citing ***Sanyo Laser Prods., Inc. v. Arista Records*, *Inc*.**, 214 F.R.D. 496, 502 (S.D. Ind. 2003)). *See also* ***Adams v. Target*,** 2001 WL 987853, *1 (S.D. Ind. July 30, 2001) ("For good cause, the court may order discovery of any matter relevant to the

subject matter involved in the action."); ***Shapo v. Engle*,** 2001 WL 629303, *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil Procedure 37(a)(2)-(3).** The burden "rests upon the objecting party to show why a particular discovery request is improper." ***Gregg v. Local 305 IBEW***, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009) (citing ***Kodish v Oakbrook Terrace Fire Protection Dist.***, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); ***McGrath v. Everest Nat. Ins. Co.****,* 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009) (internal citations omitted); ***Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services***, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009) (internal citations omitted). The objecting party must show with specificity that the request is improper. ***Cunningham v. Smithkline Beecham*,** 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citing ***Graham v. Casey's General Stores***, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome, or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." ***Cunningham*,** 255 F.R.D. at 478 (citing ***Burkybile v. Mitsubishi Motors Corp.***, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." ***Berning v. UAW Local 2209*,** 242 F.R.D. 510, 512 (N.D. Ind. 2007) (examining ***Patterson v. Avery Dennison Corp.***, 281 F.3d 676, 681 (7th Cir. 2002)) (internal quotations and citations omitted).

The first item on which the parties disagree is the disclosure of social media records. The defendants' Request for Production Number 5 requested:

> Electronic copies of [D.O.H.'s] complete profile on Facebook, Twitter and MySpace (including all updates, changes, or modifications to [D.O.H.'s] profile]) and all status updates, messages, "tweets," comments on "tweets," wall comments, causes joined, groups joined, activity streams, blog entries, details, blurbs, comments and applications for the time period from November 1, 2010 to the present.

The plaintiffs allege that they have provided all social networking information believed to relate to any of the allegations in the complaint. The plaintiffs further claim that the defendants' requests for production of the remainder of D.O.H.'s social media records are objectionable because the scope is not sufficiently narrow and does not provide "specific guidance" as to the information sought. The defendants argue that they are entitled to full disclosure of D.O.H.'s social media records because it relates to his claims of bullying and harassment and that the discovery requests seek information that is reasonably calculated to lead to the discovery of admissible evidence. Interestingly, both the plaintiffs and the defendants cite ***Higgins v. Koch Development Corporation***, 2013 WL 3366278, 3:11-cv-81 (S.D. Ind. 2013) to support their opposing contentions. However, the predominant focus of ***Higgins*** was not the relevance of the information as it is here. ***E.E.O.C. v. Simply Storage Management, LLC***, 270 F.R.D. 430 (S.D. Ind. 2010) is more instructive.

In ***Simply Storage***, the EEOC sought damages on behalf of several claimants for sexual harassment by a supervisor. ***Simply Storage***, 270 F.R.D. at 432. The defendant requested photographs, videos, profiles, and other communications from the claimants' Facebook and MySpace accounts. The court explained that the fact that a claimant had social communications was not probative of a mental or emotional state. Rather, the substance of the communications must be relevant. ***Simply Storage***, 270 F.R.D. at 435. "To be sure, anything that a person says

4

or does might in some theoretical sense be reflective of her emotional state. But that is hardly a justification for requiring the production of every thought she may have reduced to writing or, indeed, the deposition of everyone she may have talked to." *Simply Storeage*, 270 F.R.D. at 435 (*quoting* **Rozell v. Ross-Holst**, 2006 WL 163143 (S.D.N.Y. Jan. 20, 2006)).

Ultimately, the court determined the appropriate scope of relevance to be: any profiles, postings, or messages (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries) and SNS applications for the relevant time period "that reveal, refer, or relate to any emotion, feeling, or mental state, as well as communications that reveal, refer, or relate to events that could reasonably be expected to produce a significant emotion, feeling, or mental state." The court finds this to be the appropriate scope to apply here. Furthermore, the plaintiffs are ordered to provide a privilege log for any records not produced.

The next item of contention between the parties is the disclosure of Plaintiff's music videos. The defendants' Request for Production Number 6 requested:

> Electronic copies of each and every video or photograph in the possession or control of [D.O.H.] posted on YouTube, Facebook, Twitter, MySpace, or any other social media site of [D.O.H.'s] music or music videos.

Defendants' Request for Production Number 7 requested:

> Any and all CD's, digital recordings or other medium containing music created by or featuring [D.O.H.].

The plaintiffs allege that they previously disclosed any and all such recordings in their possession. The defendants argue that at least one additional video or recording has not been produced. To support this contention, the defendants cite to a specific video that has not been disclosed by referencing a link from D.O.H.'s social networking information to "an 'official music video' called 'Y.G.R.N.' by 'doctaa D'" [DE 32 at 4] whom the defendants believe to be D.O.H.

5

"A party need not produce documents or tangible things that are not in existence or within its control. It is sufficient that the discovered party respond by saying that a document or tangible thing is not in existence." ***Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp***., 222 F.R.D. 594, 598 (E.D.Wis. 2004) (citations omitted). When a party denies "that it has possession, custody or control of documents, the requesting party must make an adequate showing to overcome this assertion." ***Hagemeyer***, 222 F.R.D. at 598. Moreover, Rule 34(b)(1)(A) requires that a request for electronically stored information "must describe with reasonable particularity each item or category of items to be inspected."

The defendants have satisfied their burden and have made a reasonable showing that the requested information exists by identifying the link to a music video that the plaintiffs have not turned over. Because the defendants were able to show that an additional music video exists, the plaintiffs are ordered to produce the recording to which the defendants have specifically referred as well as any and all of D.O.H.'s other music and music videos in audio and/or video format and a listing of all the songs and videos produced.

The third discovery matter at issue is the production of information regarding five voice recorded statements in the possession of the plaintiffs. The parties agree that the actual statements should be produced after depositions, but there is dispute as to how much detail the plaintiffs are required to disclose with regard to the recordings prior to depositions. The defendants seek the identity of the witnesses on the recordings, the date of the statements, and a description of the subject matter of the statements. The plaintiffs have stated that they possess "voice recorded statements of the defendants, which were taken subsequent to the altercation on November 8, 2011 involving D.O.H. and which relate to the altercation, investigation surrounding the altercation, as well as prior problems/incidents involving the same individuals."

[DE 31 at 8] The plaintiffs argue that providing any additional information with regard to the recordings, including the specific names of the individuals on the recordings, only would serve to prejudice the plaintiffs.

In deciding such a matter, the court is to weigh the plaintiffs' interest in obtaining deposition testimony based on personal knowledge rather than review of a pre-recorded statement, against the defendants' desire to resolve discrepancies between the pre-recorded statement and his deposition. *Sherwood v. Creative Hairdressers, Inc.*, 2012 U.S. Dist. LEXIS 61514, *7 (N.D. Ind. 2012). Here, the fact that the recorded statements were made by the defendants themselves rather than third parties greatly reduces the risk that they will be prejudiced by the plaintiffs withholding specific details about the recordings. As such, the information previously produced by the plaintiffs with regard to the content of the voice recordings is sufficient to meet the requirements of Rule 26(b)(5), and no further information is required to be disclosed prior to the completion of the defendants' depositions in this matter.

Finally, the plaintiffs request the scheduling of a status conference to enable the parties to set new deadlines through trial in this matter. The court **ORDERS** a telephonic status conference to be held on February 7, 2014 at 10:30 a.m. at which time the parties can discuss whether any further motions involving discovery disputes will be necessary and can set the necessary remaining deadlines. The court will initiate the call.

Based on the foregoing, the Defendants' Motion to Compel [DE 28] is **GRANTED IN PART and DENIED IN PART** and the Motion to Extend Discovery Deadlines [DE 33] is **GRANTED.**

ENTERED this 15th day of January, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge