UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| D.O.H., a minor, by OSAMA HADDAD and HIND HADDAD, individually, and as his parents and natural guardians, </br></br>  Plaintiffs, </br></br> v. </br></br> LAKE CENTRAL SCHOOL CORPORATION, *et al.*, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) Cause No. 2:11-cv-430 </br> ) </br> ) </br> ) </br> ) </br> ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Quash Subpoena [DE 64] filed by non-party, Town of St. John Police Department, Lake County, Indiana, on October 27, 2014. For the following reasons, the motion is **DENIED**.

*Background*

The plaintiff, David Haddad, alleges that he was physically assaulted at Lake Central High School in November 2011 by a member of a group of bullies. Haddad claims that the bullies harassed, taunted, and threatened him for over a year, nearly every day. Additionally, Haddad states that the defendants were aware of the incidents because Haddad and his parents reported the incidents to the defendants. Furthermore, he claims that the Dyer and St. John police departments informed Lake Central High School about conflicts between Haddad and other students.

Following the alleged physical assault, Haddad brought the instant lawsuit, which includes: Count I – State Law Negligence; Count II – Equal Protection; Count III – Procedural Due Process Deprivation; Count IV – Civil Rights Violation; Count V – Substantive Due Process

Violation; and Count VI – State Law Respondeat Superior. On October 13, 2014, Haddad issued a subpoena to non-party, Town of St. John Police Department. The subpoena included four separate requests:

> (1) All Documents relating to the November 8, 2011 incident involving Kristopher Martin and David Haddad at Lake Central High School in St. John, Indiana. This request includes but is not limited to the complete file(s) regarding the investigation into the November 8, 2011 incident, all documents relating to the arrest and criminal prosecution of Kristopher Martin in connection with the November 8, 2011 incident; and all communications with (i) Lake Central High School, (ii) the Lake County Prosecutor's Office, and (iii) news media relating to the November 8, 2011 incident and subsequent arrest and criminal prosecution of Kristopher Martin.
> (2) All St. John Police Department policies, general orders, special orders, directives, rules, and regulations in effect between January 2007 and January 2012 relating to the obligations of the Department to communicate with/or relay information to Lake Central School Corporation when the Department (i) receives a report concerning a Lake Central School Corporation student, (ii) investigates an incident involving a Lake Central School Corporation student, (iii) interviews and/or interrogates a Lake Central School Corporation student, and (iv) arrests a Lake Central School Corporation student. To the extent there are separate policies, general orders, special orders, directives, rules, and regulations governing the Department's relationship with Lake Central School Corporation and Lake Central High School, this request seeks all policies, general orders, special orders, directives, rules, and regulations concerning both entities.
> (3) All Documents relating to Kristopher Martin (DOB 6/7/1993) prior to November 8, 2011.
> (4) All Documents reflecting communications with Lake Central High School concerning a Lake Central High School student between January 2007 and January 2012, including but not limited to communications concerning (i) investigation(s) involving a Lake Central High School student and (ii) arrest(s) of a Lake Central High School student.

The Department's motion objects to requests (2) and (4). The Department objects to request (2) because it is unduly burdensome, if any responsive documents exist, the named

2

defendants would possess them, and the requested evidence is irrelevant to Haddad's claims. It objects to request (4) because it is vague and lacks specificity, is unduly burdensome, is irrelevant to Haddad's claims, and the requested information may be disclosed at the Department's discretion pursuant to Ind. Code § 5-14-3-4(a)–(b), unless ordered by a court.

Haddad's response indicates a willingness to limit request (2) to only those "communications regarding allegations of or incidents involving (i) bullying, (ii) harassment, and (iii) assaults." [DE 66-2]. Haddad issued a subpoena with identical requests to the Dyer, Indiana Police Department on the same day he served the St. John Police Department. The Dyer Police Department complied with the subpoena and produced approximately 100 pages of responsive documents.

*Discussion*

Federal Rule of Civil Procedure 45(c)(3)(A)(iii)–(iv) provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected material, if no exception or waiver applies; or (iv) subjects a person to undue burden." Furthermore, "the party seeking to quash a subpoena under Rule 45(c)(3)(A) has the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden." ***Hodgdon v. Northwestern Uni.***, 245 F.R.D. 337, 341 (N.D.Ill. 2007). However, implicit in the rule is the requirement that a subpoena seek relevant information. *See **Stock v. Integrated Health Plan, Inc.***, 241 F.R.D. 618, 621–22 (S.D. Ill. 2007); ***Syposs v. United States***, 181 F.R.D. 224, 226 (W.D.N.Y. 1998) ("The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)."). Relevancy under this rule is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other

3

matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003).

"In the context of third party discovery, courts should be especially careful in protecting the parties from excessive or oppressive discovery." *Moore v. PlasmaCare, Inc.*, 2012 WL 602623, at *2 (S.D. Ind. Feb.23, 2012); *see Charles v. Quality Carriers, Inc.*, 2010 WL 396356, at *1 (S.D. Ind. Jan.28, 2010). "Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Charles*, 2010 WL 396356 at *1 (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). When determining whether to enforce a discovery request, the court must weigh the need for the information, the breadth of the request, the time period the discovery covers, the particularity of the documents, and the burden imposed. *Charles*, 2010 WL 396356 at *1. "[R]elevance alone may not be enough to justify a subpoena, particularly given that the undue burden calculus is more protective of non-parties than it is for parties." *Charles*, 2010 WL 396356 at *1.

The Department's motion fails on multiple accounts. First, Local Rule 37-1(a) states:

> A party filing any discovery motion must file a separate
> certification that the party has conferred in good faith or attempted
> to confer with other affected parties in an effort to resolve the
> matter raised in the motion without court action. The certification
> must include:
> > (1) the date, time, and place of any conference or attempted
> >     conference;
> > (2) the names of the parties participating in the conference.

The Department did not attach a certificate stating that it attempted to resolve the dispute in good faith before seeking relief from the court. The court may deny any motion for this reason. **Local Rule 37-1(b)**. The record does not reflect nor does the Department represent that it attempted to resolve this dispute before filing the instant motion. Rather, it appears that Haddad contacted the Department after it filed this motion in an attempt to resolve the present dispute before filing his response motion. Although Haddad's attached exhibits demonstrate that the Department discussed resolving this dispute with Haddad, Local Rule 37-1 required the Department to confer or attempt to confer in good faith to resolve this dispute before requesting court action.

Next, the Department objects to request (2) because it is unduly burdensome, that the named defendants would possess any responsive policies that exist, and the requested information is irrelevant to Haddad's causes of action. First, the Department argues the request is unduly burdensome because it is generally vague by requesting any policies, general orders, special orders, directives, rules, and regulations relating to its obligations to communicate with the Lake Central School Corporation. The Department indicates it would be unduly burdened if it is forced to search for any responsive documents without any specificity regarding how Haddad defines "relating to."

Haddad indicates that request (2) sets forth, with specificity, a request of policies concerning the Department's obligations to communicate with the Lake Central School Corporation regarding incidents involving the Corporation's students. Additionally, he identifies that the request is specifically limited to four categories:

> (i) when the Department receives a report concerning a Lake Central School Corporation student;

> (ii) when the Department investigates an incident involving a Lake Central School Corporation student;
> (iii) when the Department interviews or interrogates a Lake Central School Corporation student; and
> (iv) when the Department arrests a Lake Central School Corporation student.

Furthermore, Haddad communicated a willingness to narrow the scope of request (2) to incidents involving bullying, harassment, or assaults. Request (2) is not generally vague because it specifically requests the Department's own policies regarding its obligations to communicate with the Lake Central School Corporation or Lake Central High School when one of the identified circumstances arises. Additionally, Haddad has defined "relating to" by limiting the requested information to four specific categories and further limiting those categories to incidents involving bullying, harassment, or assaults.

Second, the Department argues that the defendants would possess the requested policies because they are mutual operational policies. Therefore, it claims that the defendants should bear the burden to produce the requested documents, rather than it, a non-party. Haddad states he has not received any "mutual operational policies" from the defendants, and that he does not know whether any policies are in the defendants' possession because a discovery request remains outstanding in that regard. However, Haddad indicates that he is not only requesting policies that may be in the possession of both the Department and the defendants, but also any internal policies solely in the possession of the Department.

Although the Department indicates the requested policies may be in the defendants' possession, it has not provided any evidence to demonstrate that producing the policies would be an undue burden. The Department has not shown the extent of the burden, how many documents are responsive, or that it has searched for any responsive documents. Additionally, it simply argues that the other defendants may possess the requested documents, but it does not indicate

why the defendants would possess Department internal policies regarding any obligations to communicate with the Lake Central School Corporation or the Lake Central High School.

Last, the Department argues that the requested information is irrelevant to Haddad's claims because the Department's policies are not at issue in this litigation. However, Haddad has demonstrated that the requested information is relevant to his equal protection claim. The requested policies will demonstrate whether the defendants received notice of similar incidents, which will allow Haddad to investigate whether the similar incidents received differential treatment.

As a non-party, the Department is entitled to greater protection in the undue burden calculus. *Charles*, 2010 WL 396356 at \*1. However, the court finds that request (2) does not create an undue burden. Haddad has demonstrated a need for the information because the requested information includes policies solely in the Department's possession. The breadth of request (2) is low because it only requests the actual policies and not any communications between the parties. The time period covers five years, but because the breadth of the request is low, this does not create an issue. The requested information includes seven categories that limit the scope of the request. The Department has not described the burden imposed, but simply states the burden is undue. The requested information is highly relevant to Haddad's equal protection claim. Therefore, request (2) does not create an undue burden on the Department.

The Department objects to request (4) because it lacks specificity, is irrelevant to Haddad's claims, creates an undue burden, and the requested information may be disclosed at the Department's discretion pursuant to Ind. Code § 5-14-3-4(a)–(b), unless ordered by a court. First, the Department argues request (4) lacks specificity and is vague because it requests communications concerning "investigation(s)" involving Lake Central High School students.

7

Request (4) does not include the same clarifying clauses as request (2), and Haddad has not indicated a willingness to limit the request. Without any limitations to the scope of "investigation(s)," request (4) may create an undue burden. However, the court can modify a subpoena under Rule 45(d)(3)(A). Therefore, the court limits "investigation(s)" in request (4) to incidents involving bullying, harassment, or assault.

Next, the Department argues that the requested information is irrelevant to Haddad's claims because it requests information from January 2007 to January 2012. Haddad states that the time period is relevant because it covers the period that he was harassed and bullied as a student within the Lake Central School Corporation. Additionally, that time period will allow Haddad to investigate similar incidents for his equal protection claim.

The Department indicates that request (4) creates an undue burden because it requests communications from January 2007 to January 2012. However, it again has failed to indicate why request (4) creates an undue burden or whether it has inquired into how many responsive documents exist. Haddad has indicated that the requested information is relevant and necessary for him to investigate his equal protection claim. The breadth of request (4) includes all communications between the Lake Central High School and the Department concerning Lake Central High School students. That request includes a large scope, but the court has modified the subpoena to communications regarding incidents of bullying, harassment, or assault to reduce the burden on the Department. Although the request covers a five year period, that time frame is relevant because it includes the period that Haddad allegedly was bullied while a student within the Lake Central School Corporation and allows him to investigate similar incidents for his equal protection claim. Weighing the above factors against the Department's extra protection as a non-party, the court finds that request (4) does not create an undue burden on the Department,

particularly after the communications are limited to incidents involving bullying, harassment, or assault.

Last, the Department objects to request (4) because it may disclose the information at its discretion pursuant to Ind. Code § 5-14-3-4(a)–(b), unless ordered by a court. However, "a federal Rule 45 subpoena constitutes 'access . . . ordered by a court under the rules of discovery' permitting disclosure of exempt records under Indiana Code § 5-14-3-4." **Jackson v. Brinker**, 147 F.R.D. 189, 197 (S.D. Ind. 1993) (quoting Ind. Code § 5-14-3-4); *see* **Keaton v. Hannum**, 2013 WL 4481889, at *3 (S.D. Ind. Aug. 19, 2013) (quoting *Jackson*). Therefore, Ind. Code § 5-14-3-4 does not exempt the St. John Police Department from disclosing the requested information because the Rule 45 subpoena requesting the information constitutes a court order requiring disclosure.

Based on the foregoing reasons, the Motion to Quash [DE 64] filed by non-party, Town of St. John Police Department, is **DENIED**.

ENTERED this 8th day of December, 2014.

/s/ Andrew P. Rodovich
United States Magistrate Judge