UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| D.O.H., a minor, by OSAMA HADDAD and HIND HADDAD, individually, and as his parents and natural guardians, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Cause No. 2:11-cv-430 ) |
| LAKE CENTRAL SCHOOL CORPORATION, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Protective Order [DE 97] filed by the defendants on March 12, 2015, and the Motion to Compel Defendants to Appear for Their Depositions and Plaintiff's Response in Opposition to Defendants' Motion for Protective Order [DE 99] filed by the plaintiff, David Haddad, on March 13, 2015. For the following reasons, the Motion for Protective Order [DE 97] is **DENIED**, and the Motion to Compel Defendants to Appear for Their Depositions and Plaintiff's Response in Opposition to Defendants' Motion for Protective Order [DE 99] is **GRANTED**.

*Background*

On February 3, 2015, the plaintiff, David Haddad, issued an Amended Notice of Deposition for the defendants, Robert McDermott and Sean Begley. The Notice scheduled the depositions at the offices of Rubino, Ruman, Crosmer & Polen located at 275 Joliet Street, Suite 330, Dyer, Indiana. The defendants requested that the depositions take place at their counsel's office located at 9245 Calumet Avenue, Suite 200, Munster, Indiana. Google Maps indicated that the offices are 4.2 miles and approximately a 10 minute drive apart. *See* [DE 99-9].

Additionally, the Rubino office is 4.5 miles and approximately a 9 minute drive from Lake Central High School, the defendants' place of employment. *See* [DE 99-8]. Furthermore, the Rubino office is approximately the midway point between Lake Central High School and the defense counsel's office.

The defendants raised their initial objection to the depositions' location on February 4, 2015, the day after the Notice, and indicated that the depositions for the defendants would take place at the defense counsel's office. Since that initial objection, the parties have engaged in multiple correspondences regarding the depositions' location. The defendants filed their Motion for a Protective Order three business days before the first scheduled deposition, and Haddad filed his Motion to Compel the defendants appearances at the depositions the following day.

The defendants have stated that Haddad has not articulated any prejudice to changing the depositions' location. Additionally, they indicated that their counsel's office would be a less burdensome location than the Rubino office. Moreover, they explained that holding the depositions at defense counsel's office is consistent with past practices in this case, custom within the Northern District of Indiana, and more convenient for the defendants and counsel. Furthermore, they argued that Haddad's counsel has not engaged in good faith discussions because she is unwilling to negotiate or compromise.

Haddad has indicated that the defendants instructed him to reissue Notice of the depositions to amend the location to defense counsel's office. He responded that he would review any precedent indicating that the defendants were entitled to select the location for depositions he noticed but noted that the depositions would proceed as noticed without further explanation or legal authority. Rather, Haddad stated that he was entitled to select the location for depositions he noticed.

*Discussion*

A party may move for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." **Federal Rule of Civil Procedure 26(c)(1)**. The party requesting the protective order carries the burden of demonstrating good cause and can satisfy that burden by showing an adequate reason for the order. **8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2035 (3d ed.1998)**; *see Gregg v. Local 305 IBEW*, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009) ("The burden rests upon the objecting party to show why a particular discovery request is improper." (quoting *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006)) (citing *McGrath v. Everest Nat'l Ins. Co.*, 2009 WL 1325405, at *3 (N.D. Ind. May 13, 2009); *Carlson Rests. Worldwide, Inc. v. Hammond Prof'l Cleaning Servs.*, 2009 WL 692224, at *5 (N.D. Ind. Mar. 12, 2009)). Specific factual demonstrations are required to establish that a particular discovery request is improper and that good cause exists for issuing the order. *See Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("To establish good cause a party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'") (quoting *Wilson v. Olathe Bank*, 184 F.R.D. 395, 397 (D. Kan. 1999)) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981)); *see Harrisonville Tel. Co. v. Ill. Commerce Comm'n*, 472 F. Supp. 2d 1071, 1078 (S.D. Ill. 2006) (stating that the movant must rely on particular and specific demonstrations of fact, rather than conclusory statements, to establish good cause).

The defendants have requested a protective order to prevent Haddad from noticing the defendants' depositions at the Rubino office as opposed to defense counsel's office. They indicated that it would be less burdensome on the defendants and more convenient for counsel

and the defendants to hold the depositions at defense counsel's office. Additionally, they stated it was consistent with past practices in this case and the Northern District of Indiana to hold depositions at defense counsel's office. Furthermore, the defendants stated that Haddad has not shown any prejudice he would suffer by changing the depositions' location.

The defendants incorrectly asserted that Haddad had the burden to show why the current deposition location was reasonable. Rather, the defendants, as the party requesting the protective order, carry the burden to demonstrate good cause to alter the deposition location. Moreover, the defendants must present particular and specific facts rather than conclusory statements to establish good cause. The defendants have not met that burden as they stated that it would be less burdensome or more convenient to alter the deposition location but did not provide specific facts to support their conclusions. The defendants have not demonstrated how they will suffer any undue burden or expense by travelling to the Rubino office.

The defendants argued "that a party seeking discovery must go where the desired witnesses are normally located." ***Yaskawa Elec. Corp. v. Koomorgen Corp.***, 201 F.R.D. 443, 444 (N.D. Ill. 2001). Additionally, they compared this case to ***Estate of Perry v. Wenzel***, which granted a protection order when government employees needed to travel approximately thirty minutes one way to depositions. 2013 WL 4004226, at *2 (E.D. Wis. Aug. 5, 2013); *see* [DE 101-12]. However, Haddad has come to where the witnesses are normally located. He selected a location less than five miles and approximately 10 minutes driving from defense counsel's office. Furthermore, the selected location is closer and approximately half the distance from the defendants' place of employment than defense counsel's office. The defendants have not demonstrated good cause to alter the depositions' location. Therefore, the Motion for Protective Order is **DENIED**.

Haddad has requested the court to compel the defendants to sit for their noticed depositions or to sit for depositions within seven days of this court's ruling. A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Rule 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL 1617085, at *1 (N.D. Ind. June 8, 2009) (citing *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see Adams v. Target*, 2001 WL 987853, at *1 (S.D. Ind. July 30, 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *Shapo v. Engle*, 2001 WL 629303, at *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil Procedure 37(a)(2)–(3)**. The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 Ibew*, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009) (citing *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, at *3 (N.D. Ind. May 13, 2009) (internal citations omitted); *Carlson Rests. Worldwide, Inc. v. Hammond Prof'l*

*Cleaning Servs.*, 2009 WL 692224, at *5 (N.D. Ind. March 12, 2009) (internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citing *Graham v. Casey's Gen. Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (citing **Burkybile v. Mitsubishi Motors Corp.**, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." **Berning v. UAW Local 2209**, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (examining **Patterson v. Avery Dennison Corp.**, 281 F.3d 676, 681 (7th Cir. 2002)) (internal quotations and citations omitted); *see* **Hunt v. DaVita, Inc.**, 680 F.3d 775, 780 (7th Cir. 2012) (explaining that the district court has broad discretion in supervising discovery).

The defendants only have challenged the location of the noticed depositions. As discussed above, they have not demonstrated good cause to alter the depositions' location. Therefore, the Motion to Compel is **GRANTED**. The depositions for McDermott and Begley were scheduled for March 18 and March 20. Because the dates for those depositions have past, Haddad has requested the court to order the defendants to appear for depositions within seven days of this order. However, the court does not believe that provides enough time to coordinate

the depositions.  Therefore, the defendants are **ORDERED** to appear for depositions within twenty-one days of this order.

"The great operative principle of Rule 37(a)(5) is that the loser pays."  Charles Alan Wright *et al.*, *8B* **Federal Practice and Procedure Civil** § 2288 at 787 (3d ed. 2014).  "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims."  ***Rickels v. City of South Bend, Ind.***, 33 F.3d 785, 787 (7th Cir. 1994).  Any loser may avoid payment by showing that his position was substantially justified.  ***Rickels***, 33 F.3d at 787.  The failure to disclose is sanctionable and properly remedied by an order compelling discovery.  **Rules 37(a)(3)(B), (a)(4), (a)(5)**; ***Lucas v. GC Services, L.P.***, 226 F.R.D. 328, 329–30 (N.D. Ind. 2004).  Rule 37(a)(5)(A) states that the court shall require sanctions based upon the costs of seeking a motion to compel.  *See* ***Stookey v. Teller Training Distribs., Inc.***, 9 F.3d 631, 637 (7th Cir. 1993) (citing the prior section number) ("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees.").  Sanctions under Rule 37(a)(5) are appropriate unless the movant filed the motion without attempting in good faith to obtain the discovery without court action, the party's nondisclosure was "substantially justified," or other circumstances make an expense award unjust.  **Rule 37(a)(5)(A)**.  In addition, Rule 37(c)(1) states that a party who fails to disclose, provides false or misleading disclosure, or refuses to admit information required by Rule 26(a) without "substantial justification" may be sanctioned unless such failure was "harmless."  ***Musser v. Gentiva Health Servs.***, 356 F.3d 751, 755 (7th Cir.2004); ***Salgado v. Gen. Motors Corp.***, 150 F.3d 735, 742 (7th Cir.1998); ***Engel v. Town of Roseland***, 2007 WL 2903196, at *6 (N.D. Ind. Oct. 10, 2007).  Thus, Rule 37(a) is a fee-shifting rule, and the loser

must pay unless it demonstrates that the movant filed the motion before attempting to obtain the discovery in good faith without court action, its position was "substantially justified," or other circumstances make an expense award unjust.

The defendants have not demonstrated that their position opposing the depositions' location was substantially justified. They did not present good cause or any specific facts demonstrating why the current location posed an undue burden or expense. Furthermore, their position caused Haddad to respond to their Motion for Protective Order and seek a court order compelling their attendance. Therefore, their position was not harmless. Additionally, the parties engaged in multiple correspondences to resolve this issue, and Haddad offered to alter the deposition location if the defendants presented precedent or further explanation compelling a change in location. Therefore, Haddad attempted to resolve the dispute in good faith before requiring court intervention. Thus, the court **AWARDS** Haddad the reasonable attorney's fees and expenses incurred in defending against the Motion for Protective Order [DE 97] and seeking the Motion to Compel [DE 99]. Haddad is **DIRECTED** to file an affidavit setting forth his attorney's fees and expenses within fourteen days of this order.

Based on the foregoing reasons, the Motion for Protective Order [DE 97] filed by the defendants is **DENIED**, and the Motion to Compel Defendants to Appear for Their Depositions and Plaintiff's Response in Opposition to Defendants' Motion for Protective Order is **GRANTED**.

ENTERED this 8th day of April, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge